United States District Court
Southern District of Texas
**ENTERED**
June 12, 2020
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

No. 3:19-cv-00206

ROBERT L. MOODY, JR. AND MOODY INSURANCE GROUP, *PLAINTIFFS*,

v.

AMERICAN NATIONAL INSURANCE COMPANY, *DEFENDANT*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Pending before the court is the defendant's motion to dismiss. Dkt. 20. I have reviewed the motion, response (Dkt. 22), reply (Dkt. 23), sur-reply (Dkt. 26), and response to the sur-reply (Dkt. 30), as well as the applicable law. I also held a hearing on the motion. For the following reasons, the motion is granted.

## BACKGROUND

Robert Moody Jr. is suing American National Insurance Company ("ANICO"). Moody asserts one count of employee retaliation in violation of the Sarbanes-Oxley Act's whistleblower-protection provision, 18 U.S.C. § 1514A. He alleges that after he complained to the ANICO board and officers about the company's alleged SEC violations, and after he brought a related shareholder-

1

derivative suit, ANICO retaliated against him.[1] Specifically, Moody claims that ANICO removed him from his position as an advisory board member, canceled contracts with his company, Moody Insurance Group ("MIG"), and announced the termination of MIG's office-space lease in one of its buildings.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a 12(b)(6) motion, a plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Rule 8 pleading standard does not require "detailed factual allegations," but "it demands more than . . . labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the motion-to-dismiss stage, a court "must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff." *J&J Sports Prods., Inc. v. Live Oak Cty. Post No. 6119 Veterans of Foreign Wars*, No. C–08–270, 2009 WL 483157, at *3 (S.D. Tex. Feb. 24, 2009) (quoting *Cent. Laborers' Pension Fund v. Integrated Elec. Servs.*, 497 F.3d 546, 550 (5th Cir. 2007)).

---

[1] The factual allegations are more fully detailed in the pleadings. *See* Am. Compl. ¶¶ 8–34.

## DISCUSSION

### A. What the Court has Considered

As a threshold matter, the parties dispute what evidence the court can, and should, consider at this stage. ANICO appends ten exhibits—182 pages of supporting evidence—to its motion to dismiss. Generally, a court may not consider matters outside the pleadings in assessing a complaint's sufficiency under Rule 12(b)(6). *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Exceptions to this rule include matters of public record, materials central to the complaint, and exhibits submitted with the complaint. *Id.* at 536–37. But because the employee-status issue is dispositive in this case, I considered only the pleadings and not any of ANICO's exhibits.

### B. Sarbanes-Oxley and *Lawson*

The Sarbanes-Oxley Act of 2002 ("SOX") was enacted after the collapse of Enron Corporation to "safeguard investors in public companies and restore trust in the financial markets." *Lawson v. FMR LLC*, 571 U.S. 429, 432 (2014). A provision of that act, 18 U.S.C. § 1514A, protects whistleblowers, instructing:

> "No [public] company . . ., or any officer, employee, contractor, subcontractor, or agent of such company . . ., may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of [whistleblowing or other protected activity]."

*Id.* (citing 18 U.S.C. § 1514A(a)). To establish a claim for SOX-whistleblower retaliation, an employee must prove by a preponderance of the evidence (1) that he engaged in protected activity; (2) his employer knew he engaged in that activity;

3

(3) he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action. *Allen v. Admin. Review Bd.*, 514 F.3d 468, 475–76 (5th Cir. 2008).

In *Lawson*, the Supreme Court considered the class of individuals that § 1514A protects. 571 U.S. 429. In that case, two plaintiffs brought whistleblower-retaliation claims against their former employers, private companies that provided contracted advisory and management services to a family of mutual funds. *Id.* at 433. The mutual funds were public companies but had no employees. *Id.* So, the mutual funds themselves employed no potential whistleblower to raise concerns about putative fraud related to the funds. *Id.* The plaintiffs raised concerns related to accounting methodologies that allegedly overstated the expenses associated with operating the funds and inaccuracies in a draft for a registration statement that was to be filed with the SEC. *Id.* at 438. After one plaintiff was constructively discharged and the other was fired, each filed suit against their respective employer, alleging retaliation proscribed by § 1514A. *Id.*

The private-company defendants argued that § 1514A protected only employees of a publicly traded company from retaliation by the company or the company's contractors. *Id.* at 441. In disagreeing—and deciding that § 1514A extended to the plaintiffs—the Court considered SOX's goal of preventing future fraud by public companies. *Id.* at 447. "Given Congress' concern about contractor conduct of the kind that contributed to Enron's collapse," the Court "regard[ed] with suspicion construction of § 1514A to protect whistleblowers only when they

are employed by a public company, and not when they work for the public company's contractor." *Id.* at 434. Similarly, the Court recognized "Congress' understanding that outside professionals bear significant responsibility for reporting fraud by the public companies with whom they contract, and that fear of retaliation was the primary deterrent to such reporting by the employees of Enron's contractors." *Id.* at 448. Indeed, the Court's reasoning in holding that § 1514A extended to the plaintiffs rested in part on the gap that would exist were these private-contractor employees excluded, as no SOX provision other than § 1514A would protect them from retaliation by their employers for complying with SOX's reporting requirements. *Id.* at 444.

*Lawson* extended the class of protected employees under this provision to include not only those employed by the public company itself, but also employees of privately held contractors and subcontractors who perform work for the public company. *Id.* at 433. Even so, *Lawson* also made clear that SOX's whistleblower protection is limited to employees suing their employers. *See id.* at 442 (finding "reason to believe Congress presumed an employer-employee relationship between the retaliator and the whistleblower."), 443 (stating that § 1514A "contemplate[s] that the whistleblower is an employee of the retaliator"). This case depends on whether Moody was an "employee" of ANICO. If he wasn't, he cannot state a SOX-retaliation claim.

5

**C. Is Moody an Employee of ANICO?**

ANICO's main argument is simple: Moody himself alleges he is an ANICO contractor, not an employee. Because independent contractors cannot bring SOX claims against the public company, Moody cannot bring a SOX-retaliation claim against ANICO, and the case should be dismissed.[2] Mot. to Dismiss 11–13.

But Moody insists he meets SOX's regulatory definition of an employee: "an individual presently or formerly working for a covered person, an individual applying to work for a covered person, or an individual whose employment could be affected by a covered person." 29 C.F.R. § 1980.101(g). He contends that as "an Advisory Director of ANICO . . . [and] an insurance agent selling insurance for and on behalf of ANICO as a contractor," he qualifies as an "employee." Am. Compl. ¶ 8. Because he was an "agent, contractor, or subcontractor to ANICO," Moody argues, he was effectively working for a covered person, and thus can bring a SOX-retaliation claim as an employee. *See id.* ¶ 39.

ANICO, on the other hand, maintains that because Moody was its contractor, he was not its employee. And while an employee of a contractor for a publicly traded company may bring a SOX-retaliation claim, he must bring it against his employer—not against the publicly traded company. *Lawson*, 571 U.S.

---

[2]     ANICO makes several other arguments: (1) Moody failed to allege that he was subjected to adverse action with respect to the terms and conditions of his "employment"; (2) Moody did not plead facts that could establish his alleged protected activity contributed to the alleged adverse actions; and (3) Moody did not sufficiently allege protected activity. Mot. to Dismiss 13–25. Nevertheless, because the employee-status issue is dispositive, there is no need to address these other arguments.

6

at 441 ("A contractor may not retaliate against its own employee for engaging in protected whistleblowing activity."). *Lawson* makes clear that under § 1514A, the "ordinary meaning of 'an employee' . . . is the contractor's own employee." *Id.* at 440. This is key in SOX-retaliation claims: there must be an employment relationship between the SOX-retaliation claimant and defendant. *Id.* at 443 ("Section 1514A's enforcement procedures and remedies similarly contemplate that the whistleblower is *an employee of the retaliator*." (emphasis added)).

Moody never unequivocally asserts that he was employed by ANICO. *See, e.g.*, Am. Compl. ¶ 7 ("Moody *was acting as* an employee, contractor and/or subcontractor of ANICO" (emphasis added)). He labels his role as "an agent, contractor, or subcontractor to ANICO" as an "employment" relationship but provides no facts that support employee status. *See id.* ¶ 39; *see also* Sur-Reply 4 ("Moody is the *functional equivalent* of an employee" (emphasis added)). These assertions alone, without factual support, are not enough to satisfy Rule 8(a)(2). *See Ashcroft*, 556 U.S. at 678 (requiring that a claim offer more than "labels and conclusions" or the "formulaic recitation of the elements of a cause of action"); *Twombly*, 550 U.S. at 570 (requiring a claim to have facial plausibility to survive a motion to dismiss).

According to Moody, *Lawson* holds that SOX protects, as employees of the public company, the public company's contractors and agents. Resp. 9–10. But *Lawson* includes no such holding. Instead, *Lawson* stands for the proposition that, under SOX's whistleblower provision, an employee of a private contractor engaged

7

by a public company may sue the contractor for retaliation. *Lawson* also does not embrace the broad regulatory definition of "employee" that Moody relies on. Under *Lawson*, one thing is clear—retaliation plaintiffs must be employees of the defendant they sue, whether that defendant-employer is the public company itself or one of its contractors. To agree that Moody is an eligible SOX-retaliation claimant would extend the statute's protections beyond what *Lawson* allows. And, importantly, it would remove the employer-employee relationship as an essential element of the retaliation claim. Neither *Lawson* nor the statute's plain language accommodates such an expansion of SOX's reach. *See* 18 U.S.C. § 1514A(a) (prohibiting retaliatory acts against "an employee").[3]

### D. Does Serving as an Advisory Director Make Moody an Employee?

As noted above, Moody also argues that his status as an advisory board member of ANICO entitles him to whistleblower protection under § 1514A. Moody explains that though he "was not . . . an elected board member," his advisory position amounted to that of "an employee and/or a consulting contractor" who was "providing advice on marketing and legal compliance from an [insurance] agent's perspective." Resp. 10–11.

For Moody's service as an advisory board member to give him standing under § 1514A, it would have to also render him an employee of ANICO. But "it is hornbook law" that a corporate director is not, simply by virtue of his position, an

---

[3] Importantly, the statute plainly says "an employee," not—as Moody evidently would like it to say—"the functional equivalent of an employee." Sur-Reply 4.

8

employee. *Grantham v. Beatrice Co.*, 776 F. Supp. 391, 394 (N.D. Ill. 1991) (citing 18B Am. Jur. 2d § 1346 at 257 (1985)). "However, a director is also not disqualified from becoming an employee of a corporation where the duties and incidents of his or her employment are separate and distinct from those pertaining to his or her office." 18B Am. Jur. 2d *Corporations* § 1145 (2020) (footnotes omitted).

Moody has set forth no facts showing any "duties or incidents" of employment "separate and distinct from those pertaining" to his position as an advisory director. *See id.* Indeed, he describes his role as that of a consultant "providing advice." Resp. 11. I decline to expand the reach of § 1514A to cover board members, whether elected or advisory, who do not otherwise qualify as "employees." *See Feldman v. Law Enf't Assocs. Corp.*, 955 F. Supp. 2d 528, 531 (E.D.N.C. 2013), *aff'd*, 753 F.3d 339 (4th Cir. 2014) (distinguishing between directors who were also employees and others who were not).

### E. Other Cases

In his sur-reply, Moody contends several cases compel a different result, but they are all distinguishable. *See Fleszar v. U.S. Dept. of Labor*, 598 F.3d 912, 915 (7th Cir. 2010) (employee status not discussed); *Smith v. Chicago Bridge & Iron Co., N.V.*, No. 4:16-CV-1089, 2017 WL 2619342, at *1 (S.D. Tex. June 16, 2017) (employee status not at issue because the plaintiff was an employee of the publicly traded company); *Anthony v. Northwestern Mut. Life Ins. Co.*, 130 F. Supp. 3d 644, 646–47 (N.D.N.Y. 2015) (employee status not at issue because the contractor-

employee sued her employer, not the publicly traded company).[4] The material difference between this case and the cases Moody cites is that here, the owner of a private company—Moody—purports to sue a public company—ANICO—for which he provided contract work. In contrast, the cases he cites involve traditional master-servant relationships between the whistleblower-employee and retaliator-employer.

In only one of the cases Moody raises does a district court consider a SOX-retaliation claim by an independent contractor against the publicly traded company. *See Grimm v. Best Buy Co., Inc.*, No. 16-cv-1258, 2017 WL 9274874, at *1 (D. Minn. Apr. 19, 2017). In that case, the magistrate judge issued a memorandum and recommendation that labeled an independent-contractor plaintiff who sued the publicly traded company an "employee" for SOX-retaliation purposes. *Id.* at *3. But besides disagreeing with the defendants' attempt to distinguish *Lawson*, the opinion offers no explanation of why the plaintiff amounts to an "employee."[5] *See id.* at *2–3. Given the otherwise clear case law regarding the importance of an employment relationship between the SOX-retaliation claimant and the retaliator, *Grimm* is not enough to compel a different result here.

---

[4] At argument, plaintiff's counsel also raised *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989 (9th Cir. 2009). Because this case involved SOX-retaliation claims by in-house counsel against the public company for which they worked, this case similarly fails to support Moody's position. *See id.* at 991–92.

[5] The plaintiff's SOX claim was dismissed for other pleading defects. *See Grimm*, 2017 WL 9274874, at *4.

Moody's claim does not satisfy what § 1514A requires of a SOX-retaliation claimant. Because § 1514A "contemplate[s] that the whistleblower is an employee of the retaliator," *Lawson*, 571 U.S. at 473, and because Moody does not plead facts that establish that he was a covered employee under the provision, he has not stated a claim for SOX-whistleblower retaliation. His claim is dismissed.

\* \* \*

For the reasons stated above, the court grants the defendant's motion to dismiss. Dkt. 20. Final judgment will be separately entered.

SIGNED on Galveston Island this 12th day of June, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE